WILLIAM W. FOSTER AND W. R. FOSTER

v.

THOMAS W. HAYMOND & COMPANY.

*Negotiable Instruments—Promissory Note—Payment—Tender—Verdict.*

In an action upon a promissory note, it being contended that the same had been paid in part, this court holds that the evidence sustains the verdict for the plaintiff.

[Opinion filed March 1, 1889.]

IN ERROR to the Circuit Court of Marion County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. W. & E. L. STOKER and ANTHONY THORNTON, for plaintiffs in error.

Mr. HENRY C. GOODNOW, for defendants in error.

Where the evidence is conflicting, and the jury is properly instructed, a new trial will not be granted, but the verdict must be relied on as settling the controverted facts. Simons v. Waldron, 70 Ill. 281; Skiles v. Caruthers, 88 Ill. 458; Summers v. Stark, 76 Ill. 208; Gravett v. Mugge, 89 Ill. 218.

Where the testimony is conflicting, the Supreme Court will not interfere with the finding of the jury merely because it would be better satisfied if the verdict had been for the other party. Varner v. Varner, 69 Ill. 445; Plummer v. Rigdon, 78 Ill. 222; McClelland v. Mitchell, 82 Ill. 35.

Under our system of practice, this court will not reverse a judgment and set aside a verdict unless compelled from the want of evidence, or its manifest weakness and insufficiency, to sustain the finding. Even if the evidence is slight, it will not require a reversal. The court will not lightly disturb the finding of a jury whose province it is to find the facts, when the judge trying the case approves of the verdict, by refusing a new trial. C., B. & Q. R. R. Co. v. Lee, 87 Ill. 454; Com. M. L. Insurance Co. v. Ellis, 89 Ill. 516; Addems v. Suver, 89 Ill. 482; Blake v. McMullen, 91 Ill. 32; Calvert v. Carpenter, 96 Ill. 63.

A verdict will not be disturbed unless it is manifest that the jury have mistaken the evidence, or have been governed by passion or prejudice. It is not sufficient that the whole evidence produces doubt as to which party was entitled to recover. Chapman v. Burt, 77 Ill. 337; Stickel v. Otto, 86 Ill. 161.

PHILLIPS, J. This is an action in assumpsit to recover the amount of a promissory note for $500 made by appellants to appellees.

The defense was payment of $475, and tender of $25.80, the balance of the note. The verdict was for appellees for $540.88 and judgment entered thereon, which is brought to this court by appeal. The error assigned is that the verdict is contrary to the law and the evidence.

The appellants insist that preponderance of the evidence shows the payment of $475 on the 19th of July, 1886. We

have carefully considered the evidence in this case as presented by the very full abstract, and have also examined the bill of exceptions as presented by the record. Without entering into a discussion of that evidence, we are of opinion that the evidence before the jury did not show the payment as claimed by the defendants, and the verdict was in accordance with the evidence. Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*